# IN THE COURT OF APPEALS OF IOWA

No. 23-0668
Filed July 13, 2023

**IN THE INTEREST OF H.B. and A.A.,**
**Minor Children,**

**J.K., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Carroll County, Joseph B. McCarville, District Associate Judge.

A mother appeals a juvenile court order adjudicating her two children in need of assistance. **AFFIRMED.**

Joel Baxter of Baxter & Wild Law Offices, PC, Guthrie Center, for appellant mother.

Brenna Bird, Attorney General, and Mary A. Triick (until withdrawal) and Mackenzie Moran, Assistant Attorneys General, for appellee State.

Kelsea Hawley of Minnich, Comito, & Neu, P.C., Carroll, attorney and guardian ad litem for minor children.

Considered by Schumacher, P.J., Chicchelly, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**DANILSON, Senior Judge.**

A mother appeals a juvenile court order adjudicating her two children in need of assistance (CINA) under Iowa Code section 232.96A(16) (2022). In our de novo review,[1] we find the record contains sufficient proof to support the ground for adjudication and affirm the juvenile court's ruling.

Section 232.96A(16) requires the State to prove the parent "[u]nlawfully uses [or] possesses . . . a dangerous substance in the presence of a child"; "[k]nowingly allows the use [or] possession . . . of a dangerous substance by another person in the presence of the child"; or "[u]nlawfully uses [or] possesses . . . a dangerous substance listed in paragraph 'f', subparagraph (1), (2), or (3), in the child's home, on the premises, or in a motor vehicle located on the premises." *See* Iowa Code § 232.96A(16)(a), (b), (d). Section 232.96A(16)(f)'s list of dangerous substances includes methamphetamine. *See id.* § 232.96A(16)(f)(2).

This family first became involved with the department of health and human services "about four years ago," based on methamphetamine use by the mother and H.B.'s father. The mother tested positive for methamphetamine, and the children were adjudicated CINA. That case closed within a year, when the mother "tested negative for methamphetamine."

In 2022, the department investigated the family again, upon reports of the mother "using methamphetamines while being a primary caretaker for the child[ren]."[2] The mother stated she was not using methamphetamine, but she

---

[1] *See In re J.S.*, 846 N.W.2d 36, 40–41 (Iowa 2014) (setting forth standard of review)

[2] By that time, the mother and H.B.'s father were no longer living together.

refused to take a drug test. A.A. told a caseworker the mother's friends came over "pretty much every night." The caseworker recognized the mother's friends as having "significant histor[ies] of methamphetamine use." And police were "watching [the mother's] home, [because] a lot of known drug users [were] coming in and out of the home regularly." The children were placed outside the mother's care, first with the mother's older child and then with H.B.'s father.

The State filed a CINA petition, and the matter proceeded to a hearing. The mother acknowledged several of her friends are methamphetamine users. She testified she sees these friends "daily" and they come to her apartment for "[m]aybe three, four hours" at a time. And one of the friends stays at her apartment "off and on" for days at a time. But the mother stated she has no concern about the children being around "known meth users." Although the mother denied using methamphetamine herself, she admitted it was "very possible" she could test positive for methamphetamine due to her contact with these people, including them "smoking methamphetamine in the same room with her." The mother acknowledged she refused "many" requests to submit to drug tests, but she testified she took a test "on [her] own," which was positive for marijuana. The case manager testified she had seen physical indicators of methamphetamine use by the mother.

In the CINA adjudication under section 232.96A(16), the juvenile court stated in part:

> [The mother] agree[s] that a lot of known drug users frequent [her] home. It is incredible to think that the consistent and ongoing traffic of drug users entering [the mother's] home have not used or possessed in her home. The court does not believe [the mother] has not used in her home and does not believe her friends, all of whom

seem to use methamphetamine, have not used or possessed the drug while in her home.

. . . .

Based on this evidence I find clear and convincing evidence that methamphetamine has been used or possessed in the presence of the children, as defined in Iowa Code Section 232.96A(16).

. . . .

[The m]other's counsel is correct there is no absolute/direct proof of use methamphetamine while the children were present. The Court finds that when smoke is coming out of every window in a house that, that is clear and convincing evidence, albeit circumstantial evidence, that there is a fire in the house. I find by allegory that smoke is coming out of every window in this case.

On appeal, the mother claims the State failed to prove "that methamphetamine was used or possessed in the presence of the children." But section 232.96A(16) provides an alternative to the presence requirement: use or possession "in a child's home, on the premises, or in a motor vehicle located on the premises." As the juvenile court noted, "virtually every known friend or associate of [the mother] is confirmed or suspected of using methamphetamine." The mother testified these friends came over to her home nearly every day. The mother further testified she would likely test positive for methamphetamine based on exposure but consciously refused all requested tests.[3] "We presume these missed tests would have been positive for illegal substances." *In re R.A.*, No. 21-0746, 2021 WL 4891011, at *1 (Iowa Ct. App. Oct. 20, 2021). Upon our review, and giving primary concern to the children's best interests, we find the

---

[3] The department's report to the court, filed February 16, 2023, reflects that the mother was offered fourteen tests between October 2022 and February 2023.

record contains sufficient proof, albeit circumstantial evidence, to support the ground for adjudication.[4]  We affirm the juvenile court's ruling.

**AFFIRMED.**

---

[4] The State asks us to find grounds for adjudication were also met under Iowa Code section 232.96A(3)(b) and 232.96A(14).  The juvenile court found the State failed to establish these grounds by clear and convincing evidence, and the State did not cross-appeal that ruling.  But the State claims we can also adjudicate the children under this ground because, "It is well settled law that a prevailing party can raise an alternative ground for affirmance on appeal without filling a notice of cross-appeal, as long as the prevailing party raised the alternative ground in the [juvenile] court."  *See In re M.W.*, 876 N.W.2d 212, 221 (Iowa 2016) (citation omitted).  However, "finding *additional grounds for adjudication* fundamentally differs from instances where this court affirms a lower court on *alternative grounds* than those relied upon by the lower court."  *In re P.K.*, No. 21-0548, 2021 WL 3895148, at *1 n.1 (Iowa Ct. App. Sept. 1, 2021).  Because the State did not cross-appeal, we do not address the statutory grounds under section 232.96A(3)(b) and 232.96A(14).  *See id.*